(46 South. 216.)

No. 16,926.

STATE v. SCUTARRI.

(April 13, 1908.)

COURTS—APPEAL—JURISDICTIONAL AMOUNT—DISMISSAL.

Upon an appeal by the state from a judgment dismissing a rule to enforce the payment of a license tax of $100 for the carrying on of a particular business, it appearing from the transcript that defendant denied that he was engaged in such business, and it not appearing that any question of the constitutionality or legality of the tax was raised or decided, *held*, that this court is without jurisdiction, and that the appeal should be dismissed, or transferred to the Court of Appeal, agreeably to the provisions of Act No. 56, p. 135, of 1904.

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; John St. Paul, Judge.

Rule by the state against Nick Scutarri to show cause why he should not pay a liquor license. Rule discharged, and the state appeals. Dismissed.

Edward Rightor and Gilbert Louis Dupré, Jr., for the State. Titche & Rogers, for appellee.

MONROE, J. On October 22, 1907, the state ruled the defendant to show cause why he should not pay a license for the year 1907, alleging that he "is conducting the business of retail liquor dealer * * * without any license from the state, * * * that his gross receipts exceed $1,000 per annum, and * * * that there is due by defendant * * * $100, with 2 per cent. interest per month from March 1, 1907, and with attorney's fees and costs"; and the allegations of the rule are sworn to by the attorney of the tax collector, as provided by section 3, Act No. 148, p. 252, of 1906, reading:

"That, in all proceedings brought by the state, a municipality, town, or parish, of this state, for licenses or additional licenses, the burden of proof, on all questions of fact, shall be upon defendant, but only as to those facts which the

tax collector, his deputy, or attorney, shall swear are, to his knowledge and belief, true."

Defendant denied that he was carrying on the retail liquor business as alleged, and there was judgment, rejecting the demand of the state, from which the collector has appealed.

Defendant moves to dismiss the appeal on the grounds that this court is without jurisdiction ratione materiæ, and that the record contains no evidence in writing, no statement of facts, no note of evidence, and no bill of exception or assignment of errors.

The facts are as stated in the last ground of the motion to dismiss, from which it follows that upon the face of the record the only thing in dispute is the sum of $100, with interest and attorney's fees; it not appearing that defendant has put at issue the constitutionality or legality of the tax which the state is seeking to collect.

Agreeably, therefore, to the provisions of Act No. 56, p. 135, of 1904, it is ordered and adjudged that, in the event the appellant, or its attorney, makes oath, before the expiration of six judicial days from the day upon which this decree shall be handed down, that the appeal herein was not taken for the purpose of delay, this cause be transferred to the Court of Appeal for the parish of Orleans, to be there proceeded with according to law; otherwise, and in case such oath be not made as thus required, that said appeal be, and is hereby, dismissed.